ALDEN F. ABBOTT
*General Counsel*
MICHELE ARINGTON
*Assistant General Counsel for Litigation*

REID TEPFER, Tex. Bar No. 24079444
LUIS GALLEGOS, Okla. Bar No. 19098
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
rtepfer@ftc.gov; (214) 979-9395 (Tepfer)
lgallegos@ftc.gov; (214) 979-9383 (Gallegos)

Attorneys for Petitioner
Federal Trade Commission

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Federal Trade Commission**, | Case No. _____ |
| Petitioner, | |
| v. | **PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMAND** |
| **Kushly, LLC**, a limited liability company, | |
| Respondent. | |

1. Petitioner Federal Trade Commission (FTC or Commission) brings this action to enforce a civil investigative demand (CID) issued to Respondent Kushly, LLC, pursuant to Section 20 of the FTC Act, 15 U.S.C. § 57b-1.

1

2. In support of its petition, the FTC simultaneously submits its Memorandum in Support of Petition to Enforce Civil Investigative Demand, Declaration of Brent McPeek in Support of Petition to Enforce Civil Investigative Demand (Petitioner's Exhibit (Pet. Exh.) 1), and other documents (Pet. Exhs. 2-18).

**Jurisdiction and Venue**

3. This Court has subject-matter jurisdiction to enforce the FTC's CID. 15 U.S.C. § 57b-1(e), (h); 28 U.S.C. §§ 1331, 1337(a), 1345.

4. Venue is proper because Respondent is found, resides, or transacts business in this district. 15 U.S.C. § 57b-1(e); 28 U.S.C. § 1391; Pet. Exh. 1 at ¶ 6; Pet. Exh. 6.

*The Parties*

5. Petitioner FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41–58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC also enforces Section 12 of the FTC Act, 15 U.S.C. § 52, which prohibits false advertisements for food, drugs, devices, services, or cosmetics in or affecting commerce. A violation of Section 12 of the FTC Act is also deemed to be an unfair act or practice in or affecting commerce. 15 U.S.C. § 52(b).

6. The FTC is authorized to issue process (including CIDs) requesting materials, answers to interrogatories, and sworn testimony in an investigation to determine if any natural person, partnership, corporation, association, or other legal entity is or has been engaged in unfair or deceptive acts or practices in or affecting commerce. 15 U.S.C. § 57b-1(c). The FTC is also authorized to investigate and, by its attorneys, to initiate proceedings to prohibit such activities, where appropriate. 15 U.S.C. §§ 46(a), 53(b).

7. Respondent Kushly is an Arizona limited liability company with its principal place of business at 7167 E. Rancho Vista Dr., #3014, Scottsdale, Arizona 85251. Pet. Exh. 7. Kushly transacts or has transacted business in this district. Pet. Exh. 1 ¶ 6; Pet. Exh. 6.

**The FTC's Investigation and CID**

8. On August 9, 2019, the FTC issued a Resolution Directing Use of Compulsory Process in a Non-Public Investigation of Dietary Supplements, Foods, Drugs, Devices, or Any Other Product or Service Intended to Provide a Health Benefit or to Affect the Structure or Function of the Body (Resolution). The purpose of the investigations authorized by the Resolution are:

> To investigate whether unnamed persons, partnerships, or corporations, or others have engaged or are engaging in deceptive or unfair acts or practices in or affecting commerce in the advertising, marketing, or sale of dietary supplements, foods, drugs, devices, or any other

3

> product or service intended to provide a health benefit or to affect the structure or function of the body; have misrepresented or are misrepresenting the safety or efficacy of such products or services; or otherwise have engaged or are engaging in unfair or deceptive acts or practices or in the making of false advertisements, in or affecting commerce, in violation of Sections 5 or 12 of the Federal Trade Commission Act, 15 U.S.C. §§ 45 and 52, as amended. The investigation is also to determine whether Commission action to obtain monetary relief would be in the public interest.

Resolution, File No. 002 3191. Pet. Exh. 2; Pet. Exh. 1 at ¶ 5.

9. Kushly markets cannabidiol (CBD) products online, including through its website at www.kushly.com, and has made certain claims concerning the purported health benefits or efficacy of its products.

10. On May 6, 2020, under the authority of the Resolution, the FTC issued a CID to Kushly requiring it to produce documents and respond to interrogatories by June 5, 2020. Pet. Exh. 3 at 3; Pet. Exh. 1 at ¶ 9.

11. The FTC served the CID on Kushly on May 11, 2020, by delivering it by courier to Kushly's registered agent, Sam Conley, at the address provided in Kushly's filings with the Arizona Corporation Commission, a residential address in Paradise Valley, Arizona. Pet. Exh. 4 and Pet. Exh. 5; *see also* Pet. Exh. 1 at ¶ 10.

12. To date, Kushly has not provided the materials or information requested by the CID. Pet. Exh. 1 at ¶ 29.

13. Kushly's failure to comply with the CID has materially impeded the FTC's investigation. Pet. Exh. 1 at ¶ 30.

### *Prayer for Relief*

WHEREFORE, the Commission invokes the aid of this Court and prays for:

1. Immediate issuance of an order, substantially in the form attached, directing Kushly to comply with the CID or to show cause why it should not be required to comply with the CID;

2. In the event Kushly does not comply with the CID, prompt determination of this matter and entry of an order directing Kushly to comply with the CID within 10 days of entry of such order; and

3. Such other relief as this Court deems just and proper.

Date: July 30, 2020         Respectfully submitted,

ALDEN F. ABBOTT
*General Counsel*
MICHELE ARINGTON
*Assistant General Counsel for Litigation*

/s/ Reid Tepfer_____
REID TEPFER, Tex. Bar No. 24079444
LUIS GALLEGOS, Okla. Bar No. 19098
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
rtepfer@ftc.gov; (214) 979-9395 (Tepfer)
lgallegos@ftc.gov; (214) 979-9383 (Gallegos)

5

Attorneys for Petitioner
Federal Trade Commission

6