

UNITED STATES OF AMERICA
**FEDERAL TRADE COMMISSION**
WASHINGTON, D.C. 20580

Office of the Secretary

May 6, 2020

<u>Via Federal Express</u>
Kushly, LLC
c/o Sam Conley
9148 North 66th Place
Paradise Valley, Arizona 85253

FTC Matter No. 2023111

Dear Sir or Madam:

The Federal Trade Commission ("FTC") has issued the attached Civil Investigative Demand ("CID") asking for information as part of a non-public investigation. Our purpose is to determine whether the Company, as defined herein, or affiliated Persons have made deceptive, false, or unsubstantiated representations about the health-related benefits of products containing cannabidiol ("CBD Products"), in violation of Sections 5 and 12 of the FTC Act, 15 U.S.C. §§ 45 and 52, and whether Commission action to obtain monetary relief would be in the public interest. Please read the attached documents carefully. Here are a few important points we would like to highlight:

1. **Contact FTC counsel, Reid Tepfer (214-979-9395; rtepfer@ftc.gov), as soon as possible to schedule a telephone call to be held within 14 days.** During that telephone call, FTC counsel can address any questions or concerns you have regarding this CID, including whether there are changes to how you comply with the CID that would reduce your cost or burden while still giving the FTC the information it needs. Please read the attached documents for more information about that meeting.

2. **You must immediately stop any routine procedures for electronic or paper document destruction, and you must preserve all paper or electronic documents** that are in any way relevant to this investigation, even if you believe the documents are protected from discovery by privilege or some other reason.

3. **The FTC will use information you provide in response to the CID for the purpose of investigating violations of the laws the FTC enforces.** We will not disclose the information under the Freedom of Information Act, 5 U.S.C. § 552. We may disclose the information in response to a valid request from Congress, or other civil or criminal federal, state, local, or foreign law enforcement agencies for their official law enforcement purposes. The FTC or other agencies may use and disclose your response in any federal, state, or foreign civil or criminal proceeding, or if

required to do so by law.  However, we will not publicly disclose your information without giving you prior notice.

4. **Please read the attached documents closely.**  They contain important information about how you should provide your response.

Please contact FTC counsel as soon as possible to set up an initial meeting.  We appreciate your cooperation.

Very truly yours,

April J. Tabor
Acting Secretary of the Commission



United States of America

Federal Trade Commission

## *CIVIL INVESTIGATIVE DEMAND*

---

**1. TO**

Kushly, LLC
c/o Sam Conley
9148 North 66th Place
Paradise Valley, Arizona 85253

---

This demand is issued pursuant to Section 20 of the Federal Trade Commission Act, 15 U.S.C. § 57b-1, in the course of an investigation to determine whether there is, has been, or may be a violation of any laws administered by the Federal Trade Commission by conduct, activities or proposed action as described in Item 3.

---

**2. ACTION REQUIRED**

☐ You are required to appear and testify.

| LOCATION OF HEARING | YOUR APPEARANCE WILL BE BEFORE |
|---|---|
|  |  |
|  | DATE AND TIME OF HEARING OR DEPOSITION |

☒ You are required to produce all documents described in the attached schedule that are in your possession, custody, or control, and to make them available at your address indicated above for inspection and copying or reproduction at the date and time specified below.

☒ You are required to answer the interrogatories or provide the written report described on the attached schedule. Answer each interrogatory or report separately and fully in writing. Submit your answers or report to the Records Custodian named in Item 4 on or before the date specified below.

DATE AND TIME THE DOCUMENTS MUST BE AVAILABLE

June 5, 2020 by 5:00 pm

---

**3. SUBJECT OF INVESTIGATION**

See attached schedule and attached resolution.

---

| 4. RECORDS CUSTODIAN/DEPUTY RECORDS CUSTODIAN | 5. COMMISSION COUNSEL |
|---|---|
| James E. Elliott/Brent McPeek<br>Federal Trade Commission<br>1999 Bryan Street, Suite 2150<br>Dallas, Texas 75201 | Reid Tepfer<br>Federal Trade Commission<br>1999 Bryan Street, Suite 2150<br>Dallas, Texas 75201<br>(214) 979-9395 |

| DATE ISSUED | COMMISSIONER'S SIGNATURE |
|---|---|
| May 6, 2020 |  |

---

### INSTRUCTIONS AND NOTICES

The delivery of this demand to you by any method prescribed by the Commission's Rules of Practice is legal service and may subject you to a penalty imposed by law for failure to comply. The production of documents or the submission of answers and report in response to this demand must be made under a sworn certificate, in the form printed on the second page of this demand, by the person to whom this demand is directed or, if not a natural person, by a person or persons having knowledge of the facts and circumstances of such production or responsible for answering each interrogatory or report question. This demand does not require approval by OMB under the Paperwork Reduction Act of 1980.

### PETITION TO LIMIT OR QUASH

The Commission's Rules of Practice require that any petition to limit or quash this demand be filed within 20 days after service, or, if the return date is less than 20 days after service, prior to the return date. The original and twelve copies of the petition must be filed with the Secretary of the Federal Trade Commission, and one copy should be sent to the Commission Counsel named in Item 5.

### YOUR RIGHTS TO REGULATORY ENFORCEMENT FAIRNESS

The FTC has a longstanding commitment to a fair regulatory enforcement environment. If you are a small business (under Small Business Administration standards), you have a right to contact the Small Business Administration's National Ombudsman at 1-888-REGFAIR (1-888-734-3247) or www.sba.gov/ombudsman regarding the fairness of the compliance and enforcement activities of the agency. You should understand, however, that the National Ombudsman cannot change, stop, or delay a federal agency enforcement action.

The FTC strictly forbids retaliatory acts by its employees, and you will not be penalized for expressing a concern about these activities.

### TRAVEL EXPENSES

Use the enclosed travel voucher to claim compensation to which you are entitled as a witness for the Commission. The completed travel voucher and this demand should be presented to Commission Counsel for payment. If you are permanently or temporarily living somewhere other than the address on this demand and it would require excessive travel for you to appear, you must get prior approval from Commission Counsel.

A copy of the Commission's Rules of Practice is available online at http://bit.ly/FTCRulesofPractice. Paper copies are available upon request.

---

FTC Form **144** (rev 2/08)

## Form of Certificate of Compliance*

I/We do certify that all of the documents and information required by the attached Civil Investigative Demand which are in the possession, custody, control, or knowledge of the person to whom the demand is directed have been submitted to a custodian named herein.

If a document responsive to this Civil Investigative Demand has not been submitted, the objections to its submission and the reasons for the objection have been stated.

If an interrogatory or a portion of the request has not been fully answered or a portion of the report has not been completed, the objections to such interrogatory or uncompleted portion and the reasons for the objections have been stated.

Signature  _____

Title  _____

Sworn to before me this day

_____    _____

_____
Notary Public

_____

*In the event that more than one person is responsible for complying with this demand, the certificate shall identify the documents for which each certifying individual was responsible.  In place of a sworn statement, the above certificate of compliance may be supported by an unsworn declaration as provided for by 28 U.S.C. § 1746.

Pet. Exh. 3 - 4

# FEDERAL TRADE COMMISSION ("FTC")
## CIVIL INVESTIGATIVE DEMAND ("CID") SCHEDULE
### FTC File No. 2023111

**Meet and Confer:** You must contact **FTC counsel, Reid Tepfer (214-979-9395; rtepfer@ftc.gov)**, as soon as possible to schedule a meeting (telephonic or in Person) to be held within fourteen (14) days after You receive this CID. At the meeting, You must discuss with FTC counsel any questions You have regarding this CID or any possible CID modifications that could reduce Your cost, burden, or response time yet still provide the FTC with the information it needs to pursue its investigation. The meeting also will address how to assert any claims of protected status (e.g., privilege, work-product, etc.) and the production of electronically stored information. You must make available at the meeting personnel knowledgeable about Your information or records management systems, Your systems for electronically stored information, custodians likely to have information responsive to this CID, and any other issues relevant to compliance with this CID.

**Document Retention**: You must retain all documentary materials used in preparing responses to this CID. The FTC may require the submission of additional Documents later during this investigation. **Accordingly, You must suspend any routine procedures for Document destruction and take other measures to prevent the destruction of Documents in Your possession, custody, or control** that are in any way relevant to this investigation, even if those Documents are being retained by a third-party or You believe those Documents are protected from discovery. *See* 15 U.S.C. § 50; *see also* 18 U.S.C. §§ 1505, 1519.

**Sharing of Information:** The FTC will use information You provide in response to the CID for the purpose of investigating violations of the laws the FTC enforces. We will not disclose such information under the Freedom of Information Act, 5 U.S.C. § 552. We also will not disclose such information, except as allowed under the FTC Act (15 U.S.C. § 57b-2), the Commission's Rules of Practice (16 C.F.R. §§ 4.10 & 4.11), or if required by a legal obligation. Under the FTC Act, we may provide Your information in response to a request from Congress or a proper request from another law enforcement agency. However, we will not publicly disclose such information without giving You prior notice.

**Manner of Production:** Contact **James E. Elliott (214-979-9373; jelliott@ftc.gov)** by email or telephone at least five days before the return date for instructions on how to produce information responsive to this CID.

**Certification of Compliance**: You or any Person with knowledge of the facts and circumstances relating to the responses to this CID must certify that such responses are complete by signing the "Certification of Compliance" attached to this CID.

**Definitions and Instructions**: Please review carefully the Definitions and Instructions that appear after the Specifications and provide important information regarding compliance with this CID.

Pet. Exh. 3 - 5

## I.     SUBJECT OF INVESTIGATION

Whether the Company, as defined herein, or affiliated Persons have made deceptive, false, or unsubstantiated representations about the health-related benefits of products containing cannabidiol ("CBD Products"), in violation of Sections 5 and 12 of the FTC Act, 15 U.S.C. §§ 45 and 52, and whether Commission action to obtain monetary relief would be in the public interest. See also attached resolution.

## II.     SPECIFICATIONS

**Applicable Time Period:** Unless otherwise directed, the applicable time period for the requests set forth below is from **February 1, 2018, until the date of full and complete compliance with this CID**.

A.     **Interrogatory Specifications**: Demand is made for the following information:

    1.     State the Company's full legal name, principal address, telephone number, the date and state of incorporation or licensing, and, without regard to the Applicable Time Period, all other names under which the Company has done business.

    2.     Identify all officers, directors, members, principals, and owners of the Company, and all shareholders with five percent or more ownership of the Company, and state each shareholder's percentage of ownership at any time since the Company was formed.

    3.     State the names, addresses, officers, directors, owners, and states of incorporation of all of the Company's wholly owned or partially owned subsidiaries, parent companies, unincorporated divisions, joint ventures, partnerships, operations under assumed names, Affiliates, and predecessor companies, and describe the relationship of each to the Company.

    4.     State the Company's organizational structure, including the name and primary function of all departments, divisions, branches, entities, lines of business, brands, or other parts of the Company, and Identify the Person(s) that head each department, division, branch, entity, or other part of the Company.

    5.     Identify each reseller, distributor, Affiliate, or other Person responsible for reselling or distributing any CBD Products. For each such entity, state the following:

        a.     the manner of sale or distribution;

        b.     the names of URLs of any websites through which it Advertises or sells any CBD Products;

        c.     its total gross sales of CBD Products by year; and

        d.     the manner in which it is compensated for sales of any CBD Products.

Pet. Exh. 3 - 6

6.      With regard to any Affiliate Program You operate in connection with a CBD Product:

      a.      describe the program in detail;

      b.      Identify each Person with responsibility for developing, implementing, reviewing, evaluating, managing, or approving the program, and describe the functions performed by each Person and the corresponding duration of each Person's performance;

      c.      Identify all Affiliates; and

      d.      Identify all Affiliates disciplined or removed from the program due to the Affiliate's failure to comply with Your policies, practices, and procedures, and state each reason for such action.

7.      State all Internet sites, including all websites, blogs, vlogs, Instagram profiles, Twitter profiles, Facebook profiles, other social media platforms, and YouTube or other video channels, owned, operated, or controlled by the Company or any other Person working for or on Your behalf, that has described, discussed, promoted, Advertised, or offered CBD Products for sale. Also state all hashtags created or used by You or any other Person working for or on Your behalf.

8.      For each materially different version of any websites or social media pages responsive to Document Specification 1, state the beginning and ending dates of dissemination or use.

9.      For each Advertisement responsive to Document Specification 2, state, preferably in an Excel spreadsheet: (a) how and where it was disseminated, (b) the beginning and ending dates of dissemination, and (c) the total number of disseminations.

10.     For each Advertisement responsive to Document Specification 2, Identify: (a) the individual(s) with primary responsibility for developing or creating the Advertisement's content; and (b) the individual(s) with ultimate responsibility for approving the Advertisement prior to dissemination.

11.     For websites and other Advertisements produced in response to Document Specifications 1 and 2, state the following information for each Person, if any, who provided an endorsement or testimonial for the product:

      a.      full name, mailing address, telephone number, and email address;

      b.      whether the Person's endorsement or testimonial was edited by the Company, how it was changed, and what name, if any, it was published under;

      c.      the process, if any, the Company used to confirm whether the Person achieved the reported results;

Pet. Exh. 3 - 7

    d.      whether the Person was compensated, financially or otherwise, for providing the endorsement or testimonial and the amount and type of compensation; and

    e.      the Person's relationship, if any, to the Company or any Company officer, director, shareholder, or employee.

12.    State the keywords, terms, phrases, or other criteria that You have used to effect the placement or delivery of any Advertisement or sponsored link in connection with any online Advertising network or Advertising delivery or contextual marketing software or system, including any Advertisement or sponsored link in search results generated by Google or any other search service.

13.    For each CBD Product You have marketed, offered for sale, or sold, state:

    a.      all ingredients contained therein, including the dosage of each ingredient in each serving. If the product formulation has changed at any time, state all ingredients of each formulation, including the dosage of each ingredient in each serving, and state the date range that each formulation was offered for sale;

    b.      the source of the cannabidiol;

    c.      the per unit sales price of the product;

    d.      the number of units sold;

    e.      total gross revenues attributable to the product; and

    f.      total refunds, credits, or chargebacks attributable to the product.

If You maintain financial data on a fiscal schedule that differs from the calendar year schedule, provide these data according to those fiscal years and state the dates of the fiscal year.

14.    Without regard to the Applicable Time Period, describe any human clinical studies testing the efficacy of any of Your CBD Products.

15.    Without regard to the Applicable Time Period, Identify:

    a.      each Person involved in researching, developing, reviewing, testing, evaluating, or approving any of Your CBD Products;

    b.      each Person involved in researching, developing, reviewing, or evaluating substantiation, scientific or otherwise, for health-related claims on Your websites and any in other Advertising, including the express or implied claims set forth in Document Specification 11; and

Pet. Exh. 3 - 8

      c.      all other experts consulted by the Company or on the Company's behalf, or upon whose advice, opinion, or expertise the Company relied on to substantiate or refute the express or implied claims set forth in Document Specification 11.

      d.      Describe the functions performed by each Person and expert with their corresponding durations (*i.e.*, from month/year to month/year).

16.      Describe any business relationship, contract, collaborative arrangement, or other connection between the Company and any university, medical school, hospital, research facility, physician, or medical researcher related to CBD Products.

17.      Identify, and state the job title and job responsibilities of, all Persons who provided Documents and information in response to each of the specifications of this Civil Investigative Demand.

18.      Identify all financial institutions, platforms, or other entities that performed Payment Processing for You or on Your behalf during the Applicable Time Period.

19.      Identify each parent, subsidiary, and other affiliate that forms part of the Company; describe in detail the relationship between the Company and each entity, including whether there are or were any known directors or principals in common; and describe any agreement(s) between the Company and each parent, subsidiary or affiliate (e.g., assignment of assets, service agreements, license agreements) relating to the marketing or sale of CBD Products.

20.      To the extent not already answered in response to Interrogatory 20, describe the Company's relationship with the following entities with regard to the marketing or sale of CBD Products, and state whether the entity has any officers or directors in common with the Company:

      a.      Kushly Industries, LLC

      b.      AZ Kushly Holdings, LLC

21.      Describe in detail Cody Alt's position, role, and responsibilities: (a) the Company; (b) Kushly Industries, LLC; (c) AZ Kushly Holdings, LLC.

22.      Describe in detail Robert Khoshaba's position, role, and responsibilities: (a) the Company; (b) Kushly Industries, LLC; (c) AZ Kushly Holdings, LLC.

B.      **Document Specifications**: Demand is made for the following Documents:

1.      A complete copy of every materially different version of the **kushly.com** website and any other website You own, operate, or control that promotes the sale of CBD Products.

Pet. Exh. 3 - 9

2.      Unless produced in response to Document Specification 1, a copy of each different Advertisement for CBD Products marketed by You or Your Affiliates, including but not limited to web pages (including metatags used for the purpose of search engine optimization or otherwise directing web traffic), social media, sponsored content, word-of-mouth campaigns, promotional materials, magazine and newspaper Ads, television and radio Ads, outdoor Ads, in-store displays, and direct mail campaigns, that have been disseminated to consumers, distributors or potential distributors, Affiliates or potential Affiliates, influencers or potential influencers, retailers, or any other Person, or that have been prepared for future dissemination or use.

3.      All contracts and other agreements, including modifications thereto, with Your Affiliates who promote the sale of CBD Products.

4.      All contracts and other agreements, including modifications thereto, with Cody Alt.

5.      All contracts and other agreements, including modifications thereto, with Robert Khoshaba.

6.      One copy of each organizational chart, personnel directory, and corporate diagram in effect at the Company at any time during the Applicable Time Period, including but not limited to charts, directories, and diagrams that show the Company's relationship with (a) Kushly Industries, LLC and (b) AZ Kushly Holdings, LLC.

7.      All agreements between the Company and (a) Kushly Industries, LLC or (b) AZ Kushly Holdings, LLC, individually or collectively, concerning the marketing or sale of CBD Products.

8.      For each endorser or testimonialist identified in response to Interrogatory Specification 11, Documents relating to communications between the Company and the endorser, including any agreements, contracts, or compensation (including reimbursement for travel and related expenses).

9.      All Documents used in preparation for or during communications with any consumer, including scripts, outlines, guides, suggested responses to questions, policies, manuals, or procedures for handling consumer inquiries, requests, or complaints related to CBD Products.

10.     Without regard to the Applicable Time Period, communications with any Person responsible for developing, reviewing, or evaluating substantiation, scientific or otherwise, or upon whose advice, opinion, or expertise the Company or any Ad agency acting on behalf of the Company relied to substantiate or refute the claims listed in Document Specification 11.

11.     Regardless of whether the Company believes these claims were made in Advertising or promotional materials, and without regard to the Applicable Time

Pet. Exh. 3 - 10

Period, all Documents, including studies, tests, experiments, demonstrations, and written or oral statements or opinions, whether or not completed or published, substantiating each of the following claims:

a.     Kushly Topical CBD Ointment may ease sore joints;

b.     Kushly Topical CBD Ointment may help muscles heal fast;

c.     Kushly CBD may help treat chronic pain;

d.     Kushly CBD may improve sleep and help treat sleep disorders, including insomnia and narcolepsy;

e.     Kushly CBD may help treat headaches;

f.     Kushly CBD may help treat psychiatric disorders, including depression, bipolar disorder, anxiety, post-traumatic stress disorder, and anorexia nervosa;

g.     Kushly CBD may help treat cancer;

h.     Kushly CBD may help treat multiple sclerosis;

i.     Kushly CBD may help lower blood pressure;

j.     Kushly CBD may help treat addiction;

k.     Kushly CBD may help treat chronic drowsiness;

l.     Kushly CBD may boost your energy levels;

m.     Kushly CBD may help treat Parkinson's disease;

n.     Kushly CBD may help treat chronic tremors;

o.     Kushly CBD may help treat psychosis;

p.     Kushly CBD may enhance your mood;

q.     Kushly CBD may boost your cognition, improve your memory, and enhance your creativity;

r.     Kushly CBD may help treat Alzheimer's Disease;

s.     Kushly CBD may enhance stamina;

t.     Kushly CBD may help treat epilepsy;

u.     Kushly CBD may stimulate appetite;

v.      Kushly CBD may help regulate oily skin or hydrate your skin;

w.      Kushly CBD may help heal bruises, rashes, or wounds or treat skin infections;

x.      Kushly CBD may help treat acne, psoriasis, and eczema;

y.      Kushly CBD may help treat arthritis;

z.      Kushly CBD may help treat muscle spasms;

aa.     Kushly CBD may help treat tendonitis;

bb.     Kushly CBD may help reduce wrinkles or improve skin elasticity;

cc.     Kushly CBD may help treat PMS-related anxiety and depression;

dd.     Kushly CBD may help treat pain resulting from Endometriosis;

ee.     Kushly CBD may help treat nausea; and

ff.     Kushly CBD may help treat dysmenorrhea.

12.     All Documents, without regard to the Applicable Time Period, relating to any study conducted or sponsored by the Company, or the supplier of any active ingredients in Your CBD Products, examining the effectiveness of such product, or any active ingredient in such product, for the claims listed in Document Specification 11 above, whether or not the study was completed or published, including, but not limited to:

a.      all reports, articles, write-ups, or other accounts of the results of the study, and drafts of such Documents reviewed by the study sponsor or any other Person not employed by the research entity;

b.      all final protocols and amendments to such protocols;

c.      all Documents relating to recruitment; randomization; instructions, including oral instructions, to participants; and subject compliance;

d.      all raw data collected from participants enrolled in the study, including any participants who did not complete the study; source Documents for such data; data dictionaries; and case report forms;

e.      Documents sufficient to Identify all study participants, including any participants who did not complete the study, and all communications with any participants relating to the study;

f.    all Documents relating to any statistical analysis of any study data, including, but not limited to, any pretest analysis, intent-to-treat analysis, or between-group analysis performed on any study data;

g.    all Documents relating to attempts to publish articles or other publications based on the data from the study; and

h.    all Documents relating to the sponsorship of the study, including all contracts and communications between any sponsor and the study's researchers.

13.    Without regard to the Applicable Time Period, Documents relating to any communication between the Company or any Affiliate and any federal, state, or local governmental authority, including the Food and Drug Administration, concerning the efficacy of, or advertising for, any CBD Product.

14.    Financial statements or other Documents sufficient to show the Company's total revenues and expenses for each year or fiscal year during the Applicable Time Period.

15.    Documents sufficient to show the identity, purity, strength, and composition of Your CBD Products.

## III.   **DEFINITIONS**

The following definitions apply to this CID:

D-1.   "**Advertisement**" or "**Advertising**" or "**Ad**" means any written or verbal statement, illustration, or depiction that promotes the sale of a good or service or is designed to increase consumer interest in a brand, good, or service. Advertising media includes, but is not limited to: packaging and labeling; promotional materials; print; television; radio; and Internet, social media, and other digital content.

D-2.   "**Affiliate**" means any Person, including any third-party marketer, who participates in an Affiliate Program.

D-3.   "**Affiliate Network**" means any Person who provides another Person with Affiliates for an Affiliate Program or with whom any Person contracts as an Affiliate to promote any product, service, or program.

D-4.   "**Affiliate Program**" means any arrangement under which a Person pays, or offers to pay, or provides, or offers to provide, any form of consideration to any third party, either directly or through an Affiliate Network, to (a) provide the Person with, or refer to the Person, potential or actual customers; or (b) otherwise market, Advertise, or offer for sale any product, service, or program on the Person's behalf.

D-5.   "**CBD Product(s)**" means any product containing, or represented as containing, synthetic or natural cannabidiol.

Pet. Exh. 3 - 13

D-6.    "**Company**," "**You**," or "**Your**" means **Kushly, LLC**, its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and Affiliates, and all directors, officers, members, employees, agents, consultants, and other Persons working for or on behalf of the foregoing.

D-7.    "**Document(s)**" means the complete original, all drafts, and any non-identical copy, whether different from the original because of notations on the copy, different metadata, or otherwise, of any item covered by 15 U.S.C. § 57b-1(a)(5), 16 C.F.R. § 2.7(a)(2), or Federal Rule of Civil Procedure 34(a)(1)(A).

D-8.    "**Identify**" or "**the Identity of**" requires identification of (a) natural Persons by name, title, present business affiliation, present business address, telephone number, and email address or, if a present business affiliation or present business address is not known, the last known business and home addresses; and (b) businesses or other organizations by name, address, and the identities of Your contact Persons at the business or organization.

D-9.    "**Person**" means a natural Person, an organization, or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

D-10.    "**Payment Processing**" means the performance of any function of collecting, formatting, charging, transmitting, or processing, whether directly or indirectly, a consumer's payment for goods or services. Payment Processing includes: providing a merchant, financial institution, Person, or entity, directly or indirectly, with the access or means to charge or debit a consumer's account; monitoring, tracking, and reconciling payments, returns, refunds, and chargebacks; providing refund services to a merchant; and disbursing funds and receipts to merchants.

## IV.    <u>INSTRUCTIONS</u>

I-1.    **Petitions to Limit or Quash**: You must file any petition to limit or quash this CID with the Secretary of the FTC no later than twenty (20) days after service of the CID, or, if the return date is less than twenty (20) days after service, prior to the return date. Such petition must set forth all assertions of protected status or other factual and legal objections to the CID and comply with the requirements set forth in 16 C.F.R. § 2.10(a)(1) – (2). **The FTC will not consider petitions to quash or limit if You have not previously met and conferred with FTC staff and, absent extraordinary circumstances, will consider only issues raised during the meet and confer process.** 16 C.F.R. § 2.7(k); *see also* § 2.11(b). **If You file a petition to limit or quash, You must still timely respond to all requests that You do not seek to modify or set aside in Your petition.** 15 U.S.C. § 57b-1(f); 16 C.F.R. § 2.10(b).

I-2.    **Withholding Requested Material / Privilege Claims**: For specifications requesting production of Documents or answers to written interrogatories, if You withhold from production any material responsive to this CID based on a claim of privilege, work product protection, statutory exemption, or any similar claim, You must assert the claim no later than the return date of this CID, and You must submit a detailed log, in a searchable electronic format, of the items withheld that Identifies the basis for withholding the material and meets all the requirements set forth in 16 C.F.R. § 2.11(a) – (c). The information in the log must be of sufficient detail to enable

Pet. Exh. 3 - 14

FTC staff to assess the validity of the claim for each Document, including attachments, without disclosing the protected information. If only some portion of any responsive material is privileged, You must submit all non-privileged portions of the material. Otherwise, produce all responsive information and material without redaction. 16 C.F.R. § 2.11(c). The failure to provide information sufficient to support a claim of protected status may result in denial of the claim. 16 C.F.R. § 2.11(a)(1).

I-3.    **Modification of Specifications**: The Bureau Director, a Deputy Bureau Director, Associate Director, Regional Director, or Assistant Regional Director must agree in writing to any modifications of this CID. 16 C.F.R. § 2.7(l).

I-4.    **Scope of Search**: This CID covers Documents and information in Your possession or under Your actual or constructive custody or control, including Documents and information in the possession, custody, or control of Your attorneys, accountants, directors, officers, employees, service providers, and other agents and consultants, whether or not such Documents or information were received from or disseminated to any Person or entity.

I-5.    **Identification of Responsive Documents**: For specifications requesting production of Documents, You must Identify in writing the Documents that are responsive to the specification. Documents that may be responsive to more than one specification of this CID need not be produced more than once. If any Documents responsive to this CID have been previously supplied to the FTC, You may Identify the Documents previously provided and the date of submission.

I-6.    **Maintain Document Order**: For specifications requesting production of Documents, You must produce Documents in the order in which they appear in Your files or as electronically stored. If Documents are removed from their original folders, binders, covers, containers, or electronic source, You must specify the folder, binder, cover, container, or electronic media or file paths from which such Documents came.

I-7.    **Numbering of Documents**: For specifications requesting production of Documents, You must number all Documents in Your submission with a unique identifier such as a Bates number or a Document ID.

I-8.    **Production of Copies**: For specifications requesting production of Documents, unless otherwise stated, You may submit copies in lieu of original Documents if they are true, correct, and complete copies of the originals and You preserve and retain the originals in their same state as of the time You received this CID. Submission of copies constitutes a waiver of any claim as to the authenticity of the copies should the FTC introduce such copies as evidence in any legal proceeding.

I-9.    **Production in Color**: For specifications requesting production of Documents, You must produce copies of Advertisements in color, and You must produce copies of other materials in color if necessary to interpret them or render them intelligible.

I-10.    **Electronically Stored Information**: For specifications requesting production of Documents, see the attached FTC Bureau of Consumer Protection Production Requirements ("Production Requirements"), which detail all requirements for the production of electronically

Pet. Exh. 3 - 15

stored information to the FTC. You must discuss issues relating to the production of electronically stored information with FTC staff **prior to** production.

I-11.    **Sensitive Personally Identifiable Information ("Sensitive PII") or Sensitive Health Information ("SHI")**:  For specifications requesting production of Documents or answers to written interrogatories, if any responsive materials contain Sensitive PII or SHI, please contact FTC counsel before producing those materials to discuss whether there are steps You can take to minimize the amount of Sensitive PII or SHI You produce, and how to securely transmit such information to the FTC.

Sensitive PII includes an individual's Social Security number; an individual's biometric data (such as fingerprints or retina scans, but not photographs); and an individual's name, address, or phone number in combination with one or more of the following: date of birth, Social Security number, driver's license or state identification number (or foreign country equivalent), passport number, financial account number, credit card number, or debit card number. SHI includes medical records and other individually identifiable health information relating to the past, present, or future physical or mental health or conditions of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

I-12.    **Interrogatory Responses**: For specifications requesting answers to written interrogatories: (a) answer each interrogatory and each interrogatory subpart separately, fully, and in writing; and (b) verify that Your answers are true and correct by signing Your answers under the following statement: "I verify under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." The verification must be submitted contemporaneously with Your interrogatory responses.

I-13.    **Submission of Documents in Lieu of Interrogatory Answers**: You may answer any written interrogatory by submitting previously existing Documents that contain the information requested in the interrogatory so long as You clearly indicate in each written interrogatory response which Documents contain the responsive information. For any interrogatory that asks You to Identify Documents, You may, at Your option, produce the Documents responsive to the interrogatory so long as You clearly indicate the specific interrogatory to which such Documents are responsive.

**Federal Trade Commission - Bureau of Consumer Protection**
**Production Requirements**
Revised August 2019

In producing information to the FTC, comply with the following requirements, unless the FTC agrees otherwise.  If you have questions about these requirements, please contact FTC counsel before production.

**Production Format**

1. **General Format**:  Provide load-ready electronic productions with:

   a. A delimited data load file (.DAT) containing a line for every document, unique id number for every document (DocID), metadata fields, and native file links where applicable;

   b. A document level text file, named for the DocID, containing the text of each produced document; and

   c. An Opticon image load file (.OPT) containing a line for every image file, where applicable.

2. **Electronically Stored Information (ESI)**:  Documents stored in electronic format in the ordinary course of business must be produced in the following format:

   a. For ESI other than the categories below, submit in native format.  Include document level extracted text or Optical Character Recognition (OCR), all metadata, and corresponding image renderings converted to Group IV, 300 DPI, single-page TIFF (or color JPEG images when necessary to interpret the contents or render them intelligible).

   b. For Microsoft Excel, Access, or PowerPoint files, submit in native format with extracted text and metadata.  Data compilations in Excel spreadsheets or delimited text formats must contain all underlying data, formulas, and algorithms without redaction.

   c. For other spreadsheet, database, presentation, or multimedia formats; instant messages; or proprietary applications, discuss the production format with FTC counsel.

3. **Hard Copy Documents**:  Documents stored in hard copy in the ordinary course of business must be scanned and submitted as 300 DPI single page TIFFs (or color JPEGs when necessary to interpret the contents or render them intelligible), with corresponding document-level OCR text and logical document determination in an accompanying load file.

4. **Document Identification**:  Provide a unique DocID for each hard copy or electronic document, consisting of a prefix and a consistent number of numerals using leading zeros.  Do not use a space to separate the prefix from numbers.

5. **Attachments**:  Preserve the parent/child relationship by producing attachments as separate documents, numbering them consecutively to the parent email, and including a reference to all attachments.

Pet. Exh. 3 - 17

6. **Metadata Production**:  For each document submitted electronically, include the standard metadata fields listed below in a standard delimited data load file.  The first line of the data load file shall include the field names.  <u>Submit date and time data in separate fields</u>.  Use these standard Concordance delimiters in delimited data load files:

| Description | Symbol | ASCII Character |
|---|---|---|
| Field Separator | ¶ | 20 |
| Quote Character | Þ | 254 |
| Multi Entry delimiter | ® | 174 |
| \<Return\> Value in data | ~ | 126 |

7. **De-duplication**:  Do not use de-duplication or email threading software without FTC approval.

8. **Password-Protected Files**:  Remove passwords prior to production.  If password removal is not possible, provide the original and production filenames and the passwords, under separate cover.

## Producing Data to the FTC

1. Prior to production, scan all data and media for viruses and confirm they are virus-free.

2. For productions smaller than 50 GB, submit data electronically using the FTC's secure file transfer protocol.  Contact FTC counsel for instructions.  **The FTC cannot accept files via Dropbox, Google Drive, OneDrive, or other third-party file transfer sites**.

3. If you submit data using physical media:

    a. Use only CDs, DVDs, flash drives, or hard drives.  Format the media for use with Windows 7;

    b. Use data encryption to protect any Sensitive Personally Identifiable Information or Sensitive Health Information (as defined in the instructions), and provide passwords in advance of delivery, under separate cover; and

    c. Use a courier service (e.g., Federal Express, UPS) because heightened security measures delay postal delivery.

4. Provide a transmittal letter with each production that includes:

    a. Production volume name (e.g., Volume 1) and date of production;

    b. Numeric DocID range of all documents in the production, and any gaps in the DocID range; and

    c. List of custodians and the DocID range for each custodian.

**Standard Metadata Fields**

| DAT FILE FIELDS | DEFINITIONS | POPULATE FIELD FOR: |
|---|---|---|
| DocID | Unique ID number for each document | All Documents |
| FamilyID | Unique ID for all documents in a family including parent and all child documents | All Documents |
| ParentID | Document ID of the parent document. This field will only be populated on child items | All Documents |
| File Path | Path to produced native file | All Documents |
| TextPath | Path to document level text or OCR file | All Documents |
| Custodian | Name of the record owner/holder | All Documents |
| AllCustodians | Names of all custodians that had copy of this record (populate if data was deduplicated or email threading was used) | All Documents |
| Source | Source of documents: CID, Subpoena, Third Party Data, etc. | All Documents |
| Filename | Original file name | All Documents |
| File Size | Size of documents | All Documents |
| File Extensions | Extension of file type | All Documents |
| MD5 Hash | Unique identifier for electronic data used in de-duplication | All Documents |
| PRODUCTION_VOLUME | Production Volume | All Documents |
| HASREDACTIONS | Redacted document | All Documents |
| Exception Reason | Reason for exception encountered during processing (e.g., empty file, source file, password-protected file, virus) | All Documents |
| PRODBEG | Beginning production bates number | Documents with Produced Images |
| PROEND | Ending production bates number | Documents with Produced Images |
| PRODBEG_ATTACH | Beginning production family bates number | Documents with Produced Images |
| PRODEND_ATTACH | Ending production family bates number | Documents with Produced Images |
| Page Count | The number of pages the document contains | Documents with Produced Images |
| From | Names retrieved from the FROM field in a message | Emails |
| To | Names retrieved from the TO field in a message; the recipient(s) | Emails |
| CC | Names retrieved from the CC field in a message; the copied recipient(s) | Emails |
| BCC | Names retrieved from the BCC field in a message; the blind copied recipient(s) | Emails |
| EmailSubject | Email subject line | Emails |
| Date Sent | The date an email message was sent | Emails |
| Time Sent | The time an email message was sent | Emails |
| Date Received | The date an email message was received | Emails |
| Time Received | The time an email message was received | Emails |
| Author | File Author | Loose Native Files and Email Attachments |
| Title | File Title | Loose Native Files and Email Attachments |
| Subject | File Subject | Loose Native Files and Email Attachments |
| Date Created | Date a document was created by the file system | Loose Native Files and Email Attachments |
| Time Created | Time a document was created by the file system | Loose Native Files and Email Attachments |
| Date Modified | Last date a document was modified and recorded by the file system | Loose Native Files and Email Attachments |
| Time Modified | Last time a document was modified and recorded by the file system | Loose Native Files and Email Attachments |
| Date Printed | Last date a document was printed and recorded by the file system | Loose Native Files and Email Attachments |
| Time Printed | Last time a document was printed and recorded by the file system | Loose Native Files and Email Attachments |

Pet. Exh. 3 - 19

UNITED STATES OF AMERICA
BEFORE THE FEDERAL TRADE COMMISSION

**COMMISSIONERS:**          Joseph J. Simons, Chairman
                           Noah Joshua Phillips
                           Rohit Chopra
                           Rebecca Kelly Slaughter
                           Christine S. Wilson

**RESOLUTION DIRECTING USE OF COMPULSORY PROCESS IN A NON-PUBLIC
INVESTIGATION OF DIETARY SUPPLEMENTS, FOODS, DRUGS, DEVICES, OR
ANY OTHER PRODUCT OR SERVICE INTENDED TO PROVIDE A HEALTH
BENEFIT OR TO AFFECT THE STRUCTURE OR FUNCTION OF THE BODY**

File No. 002 3191

Nature and Scope of Investigation:

To investigate whether unnamed persons, partnerships, or corporations, or others have
engaged or are engaging in deceptive or unfair acts or practices in or affecting commerce in the
advertising, marketing, or sale of dietary supplements, foods, drugs, devices, or any other
product or service intended to provide a health benefit or to affect the structure or function of the
body; have misrepresented or are misrepresenting the safety or efficacy of such products or
services; or otherwise have engaged or are engaging in unfair or deceptive acts or practices or in
the making of false advertisements, in or affecting commerce, in violation of Sections 5 or 12 of
the Federal Trade Commission Act, 15 U.S.C. §§ 45 and 52, as amended.  The investigation is
also to determine whether Commission action to obtain monetary relief would be in the public
interest.

The Federal Trade Commission hereby resolves and directs that any and all compulsory
processes available to it be used in connection with this investigation for a period not to exceed
ten (10) years from the date of issuance of this resolution.  The expiration of this ten-year period
shall not limit or terminate the investigation or the legal effect of any compulsory process issued
during the ten-year period.  The Federal Trade Commission specifically authorizes the filing or
continuation of actions to enforce any such compulsory process after the expiration of the ten-
year period.

Authority to Conduct Investigation:

Sections 6, 9, 10, and 20 of the Federal Trade Commission Act, 15 U.S.C. §§ 46, 49, 50,
and 57b-1, as amended; and FTC Procedures and Rules of Practice, 16 C.F.R. § 1.1 *et seq.*, and
supplements thereto.

By direction of the Commission.

APRIL
TABOR

Digitally signed
by APRIL TABOR
Date: 2019.08.12
12:09:40 -04'00'

April J. Tabor
Acting Secretary

Issued: August 9, 2019

**CERTIFICATION OF COMPLIANCE**
**Pursuant to 28 U.S.C. § 1746**

I, _____, certify the following with respect to the Federal Trade Commission's ("FTC") Civil Investigative Demand directed to Kushly, LLC (the "Company") (FTC File No. 2023111) (the "CID"):

1.     The Company has identified all documents, information, and/or tangible things ("responsive information") in the Company's possession, custody, or control responsive to the CID and either:

       (a)  provided such responsive information to the FTC; or

       (b) for any responsive information not provided, given the FTC written objections setting forth the basis for withholding the responsive information.

2.     I verify that the responses to the CID are complete and true and correct to my knowledge.

I certify under penalty of perjury that the foregoing is true and correct.

Date: _____          _____
                                                                                    Signature

                                                                      _____
                                                                      Printed Name

                                                                      _____
                                                                      Title

Pet. Exh. 3 - 21