ALDEN F. ABBOTT
General Counsel

REID TEPFER, Tex. Bar No. 24079444
LUIS GALLEGOS, Okla. Bar No. 19098
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
rtepfer@ftc.gov; (214) 979-9395
lgallegos@ftc.gov; (214) 979-9383

Attorneys for Petitioner
Federal Trade Commission

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Federal Trade Commission**, <br><br> Petitioner, <br><br> v. <br><br> **Kushly, LLC**, <br> a limited liability company, <br><br> Respondent. | Case No. _____ <br><br> **DECLARATION OF BRENT MCPEEK IN SUPPORT OF PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMAND** |

Pursuant to 28 U.S.C. § 1746, I declare as follows:

1. I am over 18 years of age and make this Declaration based upon my personal knowledge or information made known to me in the course of my official duties.

1

2.Since 2009, I have been employed as a Trade Investigator for the Southwest Regional Office of the Federal Trade Commission ("FTC" or "Commission"), in Dallas, Texas.

3.As part of my duties as an FTC Trade Investigator, I have been assigned to an investigation of Kushly LLC ("Kushly") to determine whether Kushly is making or has made false, deceptive, or unsubstantiated claims about the purported health benefits of its cannabinol ("CBD") products in its advertising or marketing, in violation of Sections 5 and 12 of the Federal Trade Commission Act (FTC Act), 15 U.S.C. §§ 45 and 52.

4.Many of the health claims at issue in this investigation are made in blog posts on Kushly's website, https://kushly.com, and on social media.  One such blog post from Kushly's website, posted on October 28, 2019, is titled "CBD Oil & Parkinson's Disease: Everything You Need to Know."  I attached a true, correct, and complete copy of the web capture I made of this blog post on May 1, 2020 as Pet. Exh. 17.  Another blog post from Kushly's website, posted on September 6, 2019, is titled "Mind Your Head: Taking CBD for Anxiety Relief."  I attached a true, correct, and complete copy of the web capture I made of this blog post on May 4, 2020 as Pet. Exh. 18.

5.On August 9, 2019, the Commission issued a Resolution Directing Use of Compulsory Process in a Non-Public Investigation of Dietary Supplements,

2

Foods, Drugs, Devices, or Any Other Product or Service Intended to Provide a Health Benefit or to Affect the Structure or Function of the Body ("Resolution"). According to the Resolution, the purpose of investigations authorized by the Resolution are:

> To investigate whether unnamed persons, partnerships, or corporations, or others have engaged or are engaging in deceptive or unfair acts or practices in or affecting commerce in the advertising, marketing, or sale of dietary supplements, foods, drugs, devices, or any other product or service intended to provide a health benefit or to affect the structure or function of the body; have misrepresented or are misrepresenting the safety or efficacy of such products or services; or otherwise have engaged or are engaging in unfair or deceptive acts or practices or in the making of false advertisements, in or affecting commerce, in violation of Sections 5 or 12 of the Federal Trade Commission Act, 15 U.S.C. §§ 45 and 52, as amended. The investigation is also to determine whether Commission action to obtain monetary relief would be in the public interest.

Resolution, File No. 002 3191. A true, complete, and correct copy of that Resolution is attached and marked as Pet. Exh. 2.

6. I obtained Kushly's corporate records by searching the online database maintained by the Arizona Corporation Commission ("ACC") for corporations and limited liability companies formed in the state of Arizona. The corporate records attached to this declaration are not certified copies. They are copies that I downloaded directly from the ACC database. I ordered the certified

3

1  copies and requested expedited treatment for the order.[1]  According to Articles of

2  Amendment to Articles of Organization filed with the ACC on July 9, 2018,

3  Kushly is incorporated in Arizona, with its known place of business at 3015 N

4  Scottsdale Rd, #3139, Scottsdale, AZ 85251.  This same document identifies Cody

5  Alt and AZ Kushly Holdings LLC as managers and members of Kushly.  A true,

6  complete, and correct copy of Kushly's Articles of Amendment to Articles of

7  Organization that I downloaded from the ACC database is attached and marked as

8  Pet. Exh. 6.

9       7.     According to the ACC database, Kushly filed a Statement of Change

10  on September 9, 2019.  This record states that Kushly's statutory agent is Sam

11  Conley, with a reported address of 9148 N 66th Place, Paradise Valley, AZ, 85253.

12  Additionally, the Statement of Change filing reports Kushly's known place of

13  business was updated to 7167 E Rancho Vista Dr., #3014, Scottsdale, AZ 85251.

14  A true, complete, and correct copy of Kushly's Statement of Change that I

15  downloaded from the ACC database is attached and marked as Pet. Exh. 7.

16       8.     In my search of the ACC database, I discovered two related

17  companies: Kushly Industries LLC ("Industries") and Kushly Holdings, LLC

18  ("Holdings").

---

[1] This is also true for the corporate records I obtained from the ACC associated with Kushly Industries LLC and AZ Kushly Holdings, LLC.  These records are discussed in the following paragraphs.

    a. According to Industries' Articles of Organization, filed with the ACC on February 20, 2019, Cody Alt, at 7167 E Rancho Vista Dr., Scottsdale, AZ 85251, is identified as the organizer, principal, and statutory agent, with that address also identified as the known place of business. I attached a true, complete, and correct copy of Industries' Articles of Organization that I downloaded from the ACC database as Pet. Exh. 8.

    b. According to Holdings' Articles of Amendment to Articles of Organization, filed on June 13, 2018, its statutory agent is Jeffrey M. Proper at 10645 N. Tatum Blvd., Ste. 200-652, Phoenix, AZ 85028, its known place of business is 3550 N. Central Ave., Ste. 1010, Phoenix, AZ 85012, and Robert Khoshaba (C/O Jeffrey M. Proper) is its sole manager and member. I attached a true, complete, and correct copy of Holdings' Articles of Amendment to Articles of Organization that I downloaded from the ACC database as Pet. Exh. 9

9. On May 6, 2020, under the authority of the Resolution, the FTC issued a Civil Investigative Demand ("CID") to Kushly. I attached a true, complete, and correct copy of the CID as Pet. Exh. 3. The CID was signed by FTC Commissioner Noah J. Phillips. *Id.* at 3. It required Kushly to respond to interrogatories and document requests by June 5, 2020 at 5 p.m. *Ibid.* As identified

in the CID, I am the Deputy Custodian of the documents to be produced by Kushly. *Ibid.*

10. The CID package was sent via commercial courier service, with tracking number 770417156096, to Kushly's statutory agent, Sam Conley. According to the delivery confirmation email and the tracking details I obtained from the courier's website, the CID was delivered to and signed for by S. Conley on May 11, 2020. I attached a true, complete, and correct copy of the delivery confirmation email received on May 11, 2020 as Pet. Exh. 4. I attached a true, complete, and correct copy of the courier's tracking page for package number 770417156096 as Pet. Exh. 5.

11. Among other subjects, the CID seeks information and materials concerning Kushly's scientific substantiation for health claims made on its websites and on social media, sales and revenue records, and information concerning the company's relationships to Industries, Holdings, Cody Alt, and Robert Khoshaba. Pet. Exh. 3 at 6 – 13. These materials are relevant to the FTC's investigation of whether Kushly made false, deceptive, or unsubstantiated health claims concerning its CBD products and whether a Commission enforcement action seeking injunctive and equitable monetary relief is in the public interest.

12. The CID directed Kushly to meet and confer with FTC staff within 14 days of service to discuss and resolve any potential issues relating to compliance.

*Id.* at 5. However, based upon information made known to me as the investigator assigned on this matter and my review of the emails to and from Kushly, below, Kushly did not contact FTC staff within the required 14-day period. Instead, after Kushly failed to contact FTC staff by the CID's meet-and-confer deadline, FTC staff attached the CID to an email requesting a meeting and sent it to Kushly's public email address, info@kushly.com on May 26, 2020. I attached a true, complete, and correct copy of the May 26, 2020 email FTC staff sent, which bears a signature block identifying the message as originating from the FTC and was sent by staff attorney Reid Tepfer, who is known to me, as Pet. Exh. 10.

13. Over the next several days, FTC staff and Sam Conley exchanged a number of emails concerning Kushly's response to the CID, using the email addresses rtepfer@ftc.gov (for the FTC) and sam@kushly.com (for Conley). I attached a true, complete, and correct copy of that email conversation thread as Pet. Exh. 11.[2]

14. The emails in Pet. Exh. 11 from the FTC bear a signature block affixed in the course of business and identify the messages as originating from the FTC. These FTC emails were sent from the FTC email address rtepfer@ftc.gov

---

[2] This email thread includes several messages between FTC staff attorney Reid Tepfer and Mr. Conley. I highlighted the individual emails in separate colors so that it is easier to identify the sender and the recipient of each email. Email messages from Mr. Tepfer to Mr. Conley are highlighted in yellow. Email messages from Mr. Conley to Mr. Tepfer are highlighted in blue. In all other respects, the email thread is unaltered.

and were sent in the ordinary course of FTC's business. The emails from Conley were sent from the email address sam@kushly.com, with the same domain name as Kushly's website, www.kushly.com. These emails were addressed to and received by the FTC at the FTC email address rtepfer@ftc.gov.

15. Both the FTC and Kushly emails contain distinctive characteristics, including the actual email addresses containing the "@" symbol, widely known to be part of an email address, and certainly a distinctive mark that identifies the document in question as an email.

16. Additionally, these emails contain the name of the sender or recipient in the bodies of the email, in the signature blocks at the end of the email, in the "To:" and "From:" headings, and by signature of the sender. The contents of the emails also show they are from the sender and to the recipient, containing as they do discussions of various identifiable matters, such as Mr. Conley's work at Kushly as COO, discussion involving the FTC's CID issued to Kushly, and various other personal and professional matters.

17. Both the emails and the attached letters produced and attached hereto are true copies of records of regularly conducted activity that:

    a. Were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

    b. Were kept in the course of the regularly conducted activity of the FTC; and

    c. Were made by the regularly conducted activity as a regular practice of the FTC.

18. In his initial reply to the FTC's May 26, 2020, email, Conley included a signature block that identified him as the COO (the commonly used abbreviation for Chief Operating Officer) of Kushly and included the mobile telephone number (770) 286-7499. *Id.* at 4. Conley stated in that email that he had received the forwarded communication from the FTC and requested to schedule an initial call. *Id.* at 3.

19. FTC staff called Conley on May 26 after receiving Conley's email. According to the information provided to me, Conley was unprepared to discuss production of documents in detail during this call. Accordingly, FTC staff emailed Conley again on May 28 to schedule a call for this purpose. *Ibid.*

20. On May 29, Conley sent FTC staff an email expressing a willingness to begin providing information to the FTC prior to the CID's deadline and requesting additional time to fully respond to the CID. *Id.* at 3. Although FTC staff offered by email to negotiate a modified schedule, staff received no response to this email. *Id.* at 2.

21. On June 2, 2020, after receiving no response from Kushly, FTC staff sent another email to Conley about negotiating a modified schedule and advised Conley that the CID deadline had not been modified. *Ibid.*

22. On June 3, Conley responded in an email stating: "I am focusing my attention on this today and will get you a solid answer ASAP. I hope to have a substantial piece of things over to you by the 5th and work together on what is needed moving forward." *Ibid.*

23. On June 5, 2020, the due date for production under the FTC's CID, Conley emailed FTC staff stating that Kushly would be seeking counsel to respond to the FTC's CID. *Id.* at 1.

24. FTC staff responded to Conley by email on June 5, 2020, advising that Kushly would be in default of its obligations under the CID if it failed to produce the requested documents and information by the CID's deadline. *Ibid.*

25. Kushly did not provide any documents or interrogatory responses by the CID's deadline.

26. On June 12, 2020, one week after the CID's deadline, FTC staff sent an email with an attached letter to Sam Conley at sam@kushly.com. That email was sent from the same email address as in earlier exchanges with Conley (rtepfer@ftc.gov) and bore a signature block showing it to have originated from the FTC, with the FTC's name, address, and telephone on it. I attached a true,

complete, and correct copy of the email as Pet. Exh. 12. The attached letter was on the letterhead of the FTC and bore the signature of FTC staff. I attached a true, complete, and correct copy of the letter attachment as Pet. Exh. 13. This letter advised that, while Kushly remained in default of its obligations under the CID, FTC staff would forebear referring the matter to the FTC's General Counsel's Office for judicial enforcement of the CID if Kushly produced information by June 19, 2020. Kushly did not respond to this letter or produce any documents or information in response.

27. After receiving no response, on June 25, 2020, FTC staff sent another email to Conley at sam@kushly.com (cc to info@kushly.com) with an attached letter addressed to Kushly. Again, the email originated from an FTC email address (rtepfer@ftc.gov) and bore a signature block with the FTC staff's name and phone number on it and the letter was on FTC letterhead and signed by FTC staff. I attached a true, complete, and correct copy of the email as Pet. Exh. 14 and a true, complete, and correct copy of the letter as Pet. Exh. 15. This letter advised that FTC staff would refer the CID to the FTC's General Counsel's Office for judicial enforcement given Kushly's noncompliance.

28. On June 25, 2020, the FTC received an email from Conley, using the email address sam@kushly.com with the same signature block as in earlier communications, including Conley's title as COO of Kushly and the same mobile

11

phone number as in earlier emails from Conley.  Conley stated that Kushly had referred this matter to a lawyer "and received no movement or advice" but wanted to take this matter seriously.  I attached a true, complete, and correct copy of the email thread that contains Conley's email as well as FTC staff's reply as Pet. Exh. 16.  However, when FTC staff inquired whether Kushly was represented by counsel in this matter, Kushly did not respond. *Id*. at 1.  No attorney has contacted the FTC on Kushly's behalf concerning this matter.

29.   To date, Kushly has failed to provide the FTC any of the documents or information requested by the CID, nor has Kushly filed a motion to quash or limit the CID.

30.   Kushly's failure to comply with the CID is impeding the Commission's investigation into whether Kushly may have engaged in unfair or deceptive acts or practices in violation of Sections 5 and 12 of the FTC Act, 15 U.S.C. §§ 45 and 52.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of July 2020.

_____
Brent D. McPeek
Federal Trade Investigator