ALDEN F. ABBOTT
*General Counsel*
MICHELE ARINGTON
*Assistant General Counsel for Litigation*

REID TEPFER, Tex. Bar No. 24079444
LUIS GALLEGOS, Okla. Bar No. 19098
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
rtepfer@ftc.gov; (214) 979-9395 (Tepfer)
lgallegos@ftc.gov; (214) 979-9383 (Gallegos)

Attorneys for Petitioner
Federal Trade Commission

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Federal Trade Commission**, <br><br> Petitioner, <br><br> v. <br><br> **Kushly, LLC**, <br> a limited liability company, <br><br> Respondent. | Case No. _____ <br><br> **MEMORANDUM IN SUPPORT OF PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMAND** |

1

The Federal Trade Commission (FTC) petitions this Court to enforce a civil investigative demand (CID) issued to Respondent Kushly, LLC (Kushly).[1] The CID requires Kushly to produce documents and respond to written questions. *See* Petitioner's Exhibit (Pet. Exh.) 3. Kushly's failure to respond to the CID has materially impeded the FTC's investigation of possible violations of Sections 5 and 12 of the Federal Trade Commission Act (FTC Act), 15 U.S.C. §§ 45 and 52, and enforcement of the CID is appropriate. *See* Pet. Exh. 1 at ¶ 30.

**Jurisdiction and Venue**

Section 20 of the FTC Act authorizes the FTC to issue a CID to any person who may have documents or information relevant to an investigation of potential unfair or deceptive acts or practices. 15 U.S.C. §57b-1(c)(1). The FTC may issue a CID to require a person to produce documents, respond to written questions, or give oral testimony under oath at an FTC investigational hearing. *Id.* § 57b-1(c)(3), (5)-(6), (13)-(14). If the CID recipient does not comply, the FTC may petition the

---

[1] A CID is a form of administrative compulsory process akin to a subpoena *duces tecum* or subpoena *ad testificandum*. Congress modeled the FTC's CID authority on the Antitrust Civil Process Act, 15 U.S.C. § 1311, which grants similar authority to the U.S. Department of Justice. *See* H.R. CONG. REP. NO. 96-917 at 32 (1980), *reprinted in* 1980 U.S.C.C.A.N. 1143, 1149; S. REP. NO. 96-500 at 23-25 (1979), *reprinted in* 1980 U.S.C.C.A.N. 1102, 1124–26; *see also Gen. Fin. Corp. v. FTC*, 700 F.2d 366, 367-68 (7th Cir. 1983) (Posner, J.) (describing the FTC's Section 20 CID as "a type of subpoena").

district court where the recipient resides, is found, or transacts business for an enforcement order. *Id.* § 57b-1(e) and (h).

The FTC issued a CID to Kushly to investigate potential deceptive acts or practices. Kushly has failed to comply with that CID. Because Kushly resides, is found, or transacts business in this district, jurisdiction and venue for this CID enforcement action are properly laid in this Court.

## Statement of Facts

On August 9, 2019, the FTC issued a Resolution Directing Use of Compulsory Process in a Non-Public Investigation of Dietary Supplements, Foods, Drugs, Devices, or Any Other Product or Service Intended to Provide a Health Benefit or to Affect the Structure or Function of the Body (Resolution). The purpose of the investigations authorized by the Resolution are:

> To investigate whether unnamed persons, partnerships, or corporations, or others have engaged or are engaging in deceptive or unfair acts or practices in or affecting commerce in the advertising, marketing, or sale of dietary supplements, foods, drugs, devices, or any other product or service intended to provide a health benefit or to affect the structure or function of the body; have misrepresented or are misrepresenting the safety or efficacy of such products or services; or otherwise have engaged or are engaging in unfair or deceptive acts or practices or in the making of false advertisements, in or affecting commerce, in violation of Sections 5 or 12 of the Federal Trade Commission Act, 15 U.S.C. §§ 45 and 52, as amended. The investigation is also to determine

3

> whether Commission action to obtain monetary relief would be in the public interest.

Resolution, File No. 002 3191. Pet. Exh. 2.

On May 6, 2020, under the authority of the Resolution, the FTC issued a CID to Kushly requiring it to produce specified documents and to respond to written questions. Pet. Exh. 3 at 6 – 13; *see* Pet. Exh. 1 ¶ 9. The FTC issued its CID as part of its investigation into whether certain health-related claims Kushly makes in its marketing and advertising of cannabidiol (CBD) products are deceptive. *See* Pet. Exh. 3 at 1; Pet. Exh. 1 at ¶ 11. The CID required Kushly to respond by June 5, 2020. Pet. Exh. 3 at 3; Pet. Exh. 1 at ¶ 9.

The FTC served the CID via commercial courier by delivering a copy to Sam Conley, who is listed with the Arizona Corporation Commission (ACC) as the statutory agent for Kushly. Pet. Exh. 4; Pet. Exh. 5; Pet. Exh. 7; Pet. Exh. 1 at ¶ 10. The CID was delivered to Sam Conley at the address specified in Kushly's ACC filings. Pet. Exh. 7. Conley subsequently confirmed that Kushly received the CID. *See* Pet. Exh. 11 at 3 (Sam Conley email stating he "received the forwarded communication by mail . . . ."); *see also* Pet. Exh. 1 at ¶18. However, to date, Kushly has not provided the FTC any document or other information requested by the CID, nor has it filed a motion to quash or limit the CID as provided in the

4

FTC's Rules of Practice and Procedure. Pet. Exh. 1 at ¶ 29; *see* 15 U.S.C. § 57b-1(f); 16 C.F.R. § 2.10.

## The Legal Standard for Enforcement

A court's function in a CID enforcement proceeding is to determine: "(1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *United States v. Golden Valley Elec. Ass'n*, 689 F.3d 1108, 1113 (9th Cir. 2012) (citing *EEOC v. Children's Hosp. Med. Ctr. of N. Cal.*, 719 F.2d 1426, 1426 (9th Cir. 1983) (en banc)), *overruled on other grounds as recognized in Prudential Ins. Co. of Am. v. Lai*, 42 F.3d 1299 (9th Cir. 1994)); *accord United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950) (enforcement is warranted as long as "the inquiry is within the authority of the agency, the demand is not too indefinite, and the information sought is reasonably relevant."). Actions to enforce administrative compulsory process are "summary procedure[s] designed to allow 'speedy investigation of [agency] charges'." *EEOC v. Karuk Tribe Hous. Auth.*, 260 F.3d 1071, 1078 (9th Cir. 2001) (citation omitted).

When the above requirements are met, courts "must enforce administrative subpoenas unless the evidence sought by the subpoena is plainly incompetent or irrelevant to any lawful purpose of the agency," *Golden Valley*, 689 F.3d at 1112

(*quoting Karuk Tribe Hous. Auth.*, 260 F.3d at 1076), or where the investigated party can show the inquiry "is unreasonable because it is overbroad or unduly burdensome." *Children's Hosp. Med. Ctr.*, 719 F.2d at 1428 (citing *Okla. Press Pub. Co. v. Walling*, 327 U.S. 186, 217 (1946)). The government's burden to support enforcement is a "slight one" and "may be satisfied by a declaration from an investigating agent." *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1413 (9th Cir. 1993).

**Legal Argument**

The FTC easily satisfies the legal standards for enforcement, as discussed below and shown by its supporting declaration. *See* Pet. Exh. 1. The FTC is authorized to conduct the investigation, it followed all applicable procedural requirements in issuing the CID, and the documents and information sought are relevant to the FTC's investigation. Accordingly, the CID should be enforced without delay.

**A. The Commission Is Authorized to Conduct the Present Investigation**

This investigation and the related CID fall within the FTC's statutory authority. The FTC has authority to enforce the provisions of the FTC Act, 15 U.S.C. §§ 41–58. Specifically at issue in this investigation are Sections 5(a) and 12 of the FTC Act. *See* Pet. Exh. 3 at 6 (identifying the "Subject of Investigation").

Section 5(a) of the FTC Act prohibits unfair or deceptive acts or practices in or affecting commerce. 15 U.S.C. 45(a). A statement is deceptive and violates Section 5(a) if it is material and is likely to mislead a consumer acting reasonably. *FTC v. Pantron I Corp.*, 33 F.3d 1088, 1095 (9th Cir. 1994); *FTC v. Stefanchik*, 559 F.3d 924, 928 (9th Cir. 2009); *FTC v. Gill*, 265 F.3d 944, 950 (9th Cir. 2001). A statement may be deceptive because it is false or because the claimant lacked a reasonable basis, or substantiation, for the claim. *Pantron I Corp.*, 33 F.3d at 1096. Section 12 of the FTC Act prohibits the dissemination of any false advertisement used to induce the purchase of food, drugs, devices, services, or cosmetics. 15 U.S.C. § 52. The dissemination of a false advertisement is construed to be an unfair or deceptive act that also violates Section 5. 15 U.S.C. § 52(b).

The FTC Act authorizes the FTC to investigate whether a person is or has been engaged in unfair or deceptive acts or practices in or affecting commerce, and to issue CIDs to any person who may have documents or information relevant to such an FTC investigation. 15 U.S.C. § 57b-1(c)(1). The FTC may "investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." *Morton Salt*, 338 U.S. at 642.

Here, Kushly advertises its CBD products as offering particular health benefits, including claiming that its products can help treat sleep disorders, depression, anxiety, hypertension, Parkinson's disease, Alzheimer's disease,

7

epilepsy, and psoriasis. *See, e.g.*, Pet. Exh. 17 at 2-3 (blog post concerning CBD and Parkinson's disease); Pet. Exh. 18 at 1-2 (blog post concerning CBD and anxiety); *see also* Pet. Exh. 1 at ¶ 4; Pet. Exh. 3 at 10-12. An investigation into the veracity and support for these claims falls squarely within the Commission's investigatory and enforcement authority, as does an investigation into whether an FTC enforcement action to obtain injunctive and equitable monetary relief serves the public interest. *See* Pet. Exh. 2.

### B. The FTC Satisfied the Applicable Procedural Requirements in Issuing the CID

The FTC's CID was issued in compliance with applicable procedural requirements of the FTC Act and its implementing rules. 15 U.S.C. § 57b-1(c); 16 C.F.R. § 2.7; *see also* Pet. Exh. 3.

Specifically, a CID must:

- describe with "definiteness and certainty" the documentary material and information to be produced;

- provide the respondent a "reasonable period of time" to respond to these requests;

- identify the nature of the conduct being investigated;

- "identify the custodian to whom such material shall be made available";

- be "signed by a Commissioner" who is "acting pursuant to a Commission resolution"; and

8

- be delivered "to the principal office or place of business of the partnership, corporation, association, or other legal entity to be served."

15 U.S.C. § 57b-1(c).

The FTC's CID satisfies all of these requirements. *See* Pet. Exh. 3. The CID specified with "definiteness and certainty" the kinds of documents and information to be produced. *See* Pet. Exh. 3 at 6-13. It provided Kushly a "reasonable period of time" to respond by providing a return date four weeks after issuance. Pet. Exh. 3 at 3. The CID outlined the specific nature of the FTC's investigation and the law at issue. *Id.* at 6 (identifying the "Subject of Investigation"). It identified the specific records custodians to whom the responses were to be sent. *Id.* at 3. Further, the CID was validly signed by Commissioner Noah J. Phillips acting pursuant to Resolution, File No. 002 3191. Pet. Exh. 3 at 3 and 20; Pet. Exh. 1 at ¶ 9. Finally, the CID was properly served by being delivered to Kushly's "COO" and statutory agent, Sam Conley. Pet. Exh. 1 at ¶¶ 10 and 18; Pet. Exh. 4; Pet. Exh. 5; Pet. Exh. 7; *see also* Pet. Exh. 11 (several emails from Sam Conley identifying himself as "COO" of Kushly).

**C. The Evidence Sought is Relevant and Material to the Investigation**

Finally, the information sought pursuant to the CID is relevant and material to the FTC's investigation. In assessing relevancy, courts give wide latitude to an administrative agency's determination concerning what materials it needs to

9

conduct an investigation. Courts uphold those choices so long as they are not "plainly incompetent or irrelevant" to the investigation. *Golden Valley*, 689 F.3d at 1113-14 (citations omitted).

Here, the CID requires Kushly to provide, among other things, documents and information concerning Kushly's substantiation for health claims Kushly made on its website and on social media, sales and revenue records, and information related to the company's relationships to associated entities and individuals. Pet. Exh. 3 at 6-13. This information is directly relevant and material to the subjects specified in the Resolution and with the Commission's inquiry into Kushly's practices, its compliance with Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45 and 52, and whether a Commission enforcement action to seek injunctive and equitable monetary relief is in the public interest. Pet. Exh. 2; Pet Exh. 1 at ¶¶ 3, 11, and 30.

Kushly has not raised any legal challenge to the CID on any of these grounds. Having failed to raise any challenges administratively, Kushly may not raise them here. *See EEOC v. Cuzzens of Ga., Inc.*, 608 F.2d 1062, 1063-64 (5th Cir. 1979). Kushly has elected simply to withhold information until called on it—a response that is legally improper and inconsistent with its obligations under the CID.

**Conclusion**

Petitioner FTC respectfully requests that the Court grant its petition and issue the attached order requiring Respondent Kushly, LLC to comply with the CID or to show cause as to why it has failed to do so, and, if Kushly fails to produce the material sought by the CID, to comply fully with the CID within ten days of the entry of such order.

Date: July 30, 2020                    Respectfully submitted,

ALDEN F. ABBOTT
*General Counsel*
MICHELE ARINGTON
*Assistant General Counsel for Litigation*

/s/ Reid Tepfer_____
REID TEPFER, Tex. Bar No. 24079444
LUIS GALLEGOS, Okla. Bar No. 19098
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, Texas 75201
rtepfer@ftc.gov; (214) 979-9395 (Tepfer)
lgallegos@ftc.gov; (214) 979-9383 (Gallegos)

Attorneys for Petitioner
Federal Trade Commission

11